FILED

1  **CESAR AUGUSTO PARDO-PENA**
2  P.O. Box 4784
3  Valley Village, California 91617
   818-481-0487
4  prdcsr@yahoo.com
5
   In Propia Persona
6

2023 SEP 19  AM 10: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

7

8                 UNITED STATES DISTRICT COURT

9   FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10

11  **CESAR PARDO-PENA,**          Case No. CV23-6197-SPG (MRWx)

12  Plaintiff,                     **FIRST AMENDED COMPLAINT AND**
                                   **DEMAND FOR JURY TRIAL**
13  v

14

15  **KAAS PROPERTIES LLC,**
    **ROLAND K. TELLIS,**
16  **PINNACLE PROPERTY MANAGEMENT,**
17  **CANDICE AVILA**

18  Defendants
19
20       Pursuant To Fed. R. Civ. P. 15(a)(1)(A), Plaintiff respectfully submits his

21  First Amended Complaint, to add an additional Defendant.

22                          **COMPLAINT**
23
24       For its Complaint, Plaintiff alleges as follows:

25       1.     This action is brought by Plaintiff, pursuant to the provisions

26  of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§
27
28  3601, *et seq.* ("Fair Housing Act"),

section 3604(f)(3)(B) of the Fair Housing Act Amendments ("**FHAA**") of 1989, and related federal laws.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of the claims in this action under 28 U.S.C. §§ 1331.

3.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the claims alleged herein occurred in the Central District of California, and the Defendants reside or do business in the Central District of California

## PLAINTIFF

**4.**     Plaintiff is disabled. He has a disability, as has been determined, by a United States Federal Agency. He is considered "handicapped" within the meaning of The Fair Housing Act 42 U.S.C. § 3602(h).

## DEFENDANTS

5.     Defendant Kaas Properties LLC, is a California Corporation with its principal address at 3919 Westfall Drive. Encino. CA 91436.

6.      Defendant Roland K. Tellis, is an attorney, whose corporation, owns the subject property, with a business address at Baron & Budd, P.C., 15910 Ventura Blvd Ste 1600, Encino, CA 91436-2870

7.      Defendant Pinnacle Property Management, Inc. is a California corporation with its business address at 22700 Crenshaw Blvd. Torrance, CA 90505.

8.      Defendant Defendant Candice Avila is property manager of the subject property, that works at Pinnacle Property Management.

## FACTUAL ALLEGATIONS

9.      On or About the fourth quarter of 2019 , Defendant Roland K. Tellis' corporation, Kaas Properties LLC purchased the property located at 13554 Rye Street, Sherman Oaks, California. ("Rye"). Rye is an apartment building with six units.

10.      The rental units at the subject property described above are "dwellings" within the meaning of the Fair Housing Act (FHA) (42 U.S.C. § 3602(b)).

11.      Since at least the first quarter of 2020, Roland K. Tellis' corporation, Kaas Properties LLC, as owners or principals of the subject property, expressly or implicitly granted, Defendant Pinnacle Property

Management authority to act as an agent on its behalf at all times relevant to this action.

12.     At all times relevant to this action, Pinnacle Property Management performed management duties at the subject property including, but not limited to, advertising vacancies, accepting or rejecting prospective tenants, setting rates for rent and security deposits, collecting rent, accepting requests for repairs, making repairs, and evicting tenants.

13.     At all times relevant to this action, Pinnacle Property Management expressly or implicitly granted Defendant Candice Avila, on its behalf, to act as their agent, to manage the subject property and provided her with the actual or apparent authority to receive applications for tenancy; to accept or reject prospective tenants; to bind tenants to landlord/tenant contracts by signing leases; to use keys to access tenants' housing; to collect rents and fees; to make repairs in tenants' housing; to make adjustments to the amounts of rent, fees, or security deposits; and to evict tenants or otherwise enforce lease provisions for the subject property. They did not, however, provide any

training to Defendant Avila, regarding The Fair Housing Act, and related federal laws.

14.      Plaintiff Cesar Pardo-Pena signed the lease for a unit at the subject property On December 2017. This was twenty three months before Defendant Tellis' corporation, Kaas Properties LLC, bought the subject property. Plaintiff's unit is unit number five.

15.      Since the very first day of moving in, Plaintiff Cesar Pardo-Pena has been subjected to a hostile living environment and tenant on tenant harassment by several former and present tenants.

16.      Such conduct has included, but has not been limited to the following categories of severe, pervasive, hostile living environment, and tenant on tenant harassment.

> a.      Subjecting Plaintiff to non-stop, dog barking by the current tenant of unit 2, Ms, Tamara Lay Midgley's, two dogs that would engage in non-stop barking, that would go on for hours at a time, throughout her tenancy. The last incident occurred on July 2022 at 2:30am. She's been living at the subject property since prior to December 2017, to the present day.

b.  Subjecting Plaintiff to non-stop, dog barking by the current tenant of unit 4, Ms, Margaret Shao's, dog that would engage in non-stop barking, that would go on for hours at a time. This occurred from December 2017 to January 2020. She's been living at the subject property since prior to December 2017, to the present day.

c.  Subjecting Plaintiff to attempted assault by the former tenant of unit 3, Mr. Alan Stokes. On January 08, 2019, Plaintiff was granted a temporary restraining order against former tenant Stokes, case number: 19VERO00045. His tenancy spanned from prior to December 2017 to the end of the first quarter of 2020.

d.  Subjecting Plaintiff to drunk, loud talking, that would occur on an almost daily basis, and last till 5:30am, by former tenant Stokes and his roommate, Mr. Cody Hahn, whose tenancy spanned from prior to December 2017 to the first quarter of 2021.

///

e.   Subjecting Plaintiff to intentional, screen door, nuisance noise harassment by a former tenant of unit 6, former reality tv star, for the E Network, reality tv series, "Escape Club," Ms, Lisa Baldessarre. This occurred on a daily basis, as she would take out her two small dogs, for a walk. On January 11, 2021, Plaintiff applied for a temporary restraining order against former tenant, Baldessarre, case number: 21VER000035. Her tenancy spanned from on or about April 2018, till the first quarter Of 2021.

f.   Subjecting Plaintiff by an unidentified former tenant of unit 6, referred to as John Doe, to intermittent hammering over the span of several hours, dog barking that spanned several hours, at times past 11:30pm, throwing items around his unit, over the span of twenty minutes, blasting music at 7:00am, while rapping and smoking marijuana on the premises, in his unit and in his car, parked on the premises, while mocking Plaintiff' coughing from the marijuana smoke.

Plaintiff has C.O.P.D. John Doe's, tenancy spanned from on or about March 2021 to on or about February 2023.

17.     The experiences of this tenant were not isolated instances. Rather, these were part of former tenants, Stokes, Hahn, Baldessaree And John Doe's, long-standing pattern or practice of tenant on tenant harassment.

18.     From each of the former tenants', respective duration of tenancy, till the day they moved out, former tenants Stokes, Hahn, Baldessaree and John Doe, subjected Plaintiff Pardo-Pena, to discrimination on the basis of his disability. Plaintiff's disability caused him to want to be left alone and not be bothered. Such conduct has included, but has not been limited to the following categories of severe, pervasive and unwelcome tenant on tenant harassment:

a.     On January 17, 2020, former tenant, Baldessarre's boyfriend, Mr. Stokes, Mr, Hahn, and two neighbors living at 13550 Rye Street, Sherman Oaks, Ca 91423, stood outside of Plaintiff's locked screen door, and rustled it, while ringing his door bell at 7:30am, while

pounding on his door, for over seven minutes. This incident was reported to Pinnacle Property Management via email on January 18, 2020, and via a phone call on January 20, 2020. Pinnacle Property Management failed to take prompt action to correct and/or end tenant on tenant harassment.

b.   From January 11, 2019, when he was served Plaintiff's temporary restraining order, till the day that he moved out, on or about the first quarter of 2021, former tenant Stokes, subjected Plaintiff, to after-hours harassment, by slamming his car door at 2:30am, when he would arrive, and cackling afterwards. He would wake up Plaintiff, who was sleeping, as his bedroom, is the only unit facing the subject property's parking lot. This would occur six times a week.

19.   On October 07, 2020, Defendant Avila, terminated Plaintiff's tenancy, alleging nuisance as the reason. Plaintiff, notified Defendant Avila, that her unlawful actions, violated The Fair Housing Act, as well

as, The Fair Housing Amendments Act, as Plaintiff is disabled. A complaint was filed by Plaintiff, with The Housing Authority of the City of Los Angeles. After an investigator assigned by the Housing Authority, investigated the allegations of illegal eviction, landlord harassment and retaliation complaint, it was determined that it was in fact, an illegal eviction attempt.

20.    On January 11, 2021, Plaintiff Pardo-Pena, applied for a temporary restraining order against former tenant Baldessarre,. Case No. 21VER000035, and notified Defendant Avila, regarding this temporary restraining order.

21.    The very next day, January 12, 2021, Defendant Avila, terminated Plaintiff's tenancy, for a second time, alleging nuisance as the reason. Plaintiff, notified Defendant Avila, that her unlawful actions, violated The Fair Housing Act, As well As, The Fair Housing Amendments Act, as Plaintiff is disabled. A complaint was filed by Plaintiff, with The Housing Authority of the City of Los Angeles. After an investigator assigned by the Housing Authority, investigated the allegations of illegal eviction, landlord harassment and retaliation

complaint, it was determined that it was in fact, an illegal eviction attempt.

22.     In retaliation for reporting former tenant Baldassarre's misconduct and her tenant on tenant harassment towards Plaintiff, Defendant Avila, terminated Plaintiff's tenancy twice, failing to take prompt action to correct and/or end all tenant on tenant harassment.

23.     At least some of the discriminatory housing practices of Defendant Candice Avila, as described above in paragraph18 through paragraph 22, occurred within the scope of her agency relationship with Defendant Pinnacle Property Management, or were aided by the existence of that agency relationship. Defendant Kaas Properties LLC, as well as, Defendant Roland K. Tellis, knew or should have known of these discriminatory housing practices and failed to take prompt action to correct and/or end them.

24.     On March 27, 2022, Plaintiff Pardo-Pena, reported these discriminatory housing practices to the owner of the subject property, Defendant Tellis, via email. He had his I.T. staff, generate a false, "undelivered email", error message, however, the next day, Defendant Avila, responded to the complaint, on his behalf, even though the email

was not CC'ed, with her email address. This act by Defendant Tellis, was intentional, willful, or taken in reckless disregards of the rights of others. He was informed of the discriminatory housing practices by his agents and he failed to take prompt action to correct and/or end them.

25.     On May 26, 2023, Defendant Avila terminated Plaintiff's tenancy for a third time, in as many years.

26.     On July 24, 2023, Plaintiff Pardo-Pena notified the owner of the subject property, Defendant Roland K. Tellis, via certified mail, of the discriminatory housing practices of Defendant Pinnacle Property Management and Defendant Candice Avila, the pending, alleged illegal eviction proceedings, and the fact that Plaintiff is disabled, and he failed to take prompt action to correct and/or end these practices.

27.     Because all defendants, enabled, aided and abetted the aforementioned serial harassers, by allowing tenant on tenant harassment, in addition to landlord upon tenant harassment, intimidation and retaliation to continue, unabated, all of them are liable for their discriminatory housing practices towards Plaintiff.

///

///

28.     Defendant Kaas Properties LLC, is vicariously liable for the actions and inactions of its agent, Defendant Pinnacle Property Management.

29.     Defendant Roland K. Tellis, is vicariously liable for the actions and inactions of its agent, Defendant Pinnacle Property Management.

30.     Defendant Pinnacle Property Management is vicariously liable for the actions and inactions of their agent, Defendant Candice Avila.

31.     Defendant Candice Avila, liable for her actions and inactions.

32.     The above-described actions, inactions and conduct of all defendants caused Plaintiff to suffer humiliation, fear, anxiety, and emotional distress and injury, and inhibited Plaintiff's ability to secure housing for himself and his family.

## CLAIM FOR RELIEF

33.     Plaintiff realleges the allegations contained in paragraphs 1 through 32 above. By these actions and statements, Defendants have:

a.     Discriminated in the terms, conditions, or privileges

of the rental of dwellings, or in the provision of

services or facilities in connection therewith, because

of Plaintiff's disability, in violation of

42 U.S.C. § 3604(b), as amended by the F.H.A.A;

b.    Made statements with respect to the rental of

dwellings that indicate a preference, limitation, or

discrimination based on a disability in violation of 42

U.S.C. § 3604(c);

and

c.    Coerced, intimidated, threatened, or interfered with

with persons in the exercise or enjoyment of, or on

account of their having exercised or enjoyed, their

rights granted or protected by Section 804 And 805 of

the Fair Housing Act, in violation of 42 U.S.C. § 3617.

34.   Defendants' conduct constitutes:

a.    A pattern or practice of resistance to the full

enjoyment of the rights granted by the Fair

Housing Act, 42 U.S.C. §§ 3601 *et seq*.; and

b.    A denial to a group of persons of rights granted by

the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*,

35.     Plaintiff realleges the allegations contained in paragraphs 1 through 34 above, of the complaint herein.

36.     By reason of Defendants' unlawful discriminatory acts and discriminatory housing practices, Plaintiff has suffered concrete particularized harm under Article III, a distinct and palpable injury, resulting from differential treatment, a direct, imminent and certainly impeding injury, from the three terminations of tenancy, given contrary to established local, county state and federal housing policy, a material risk of harm, loss of important housing opportunities, violation of his civil rights, deprivation of the full use and enjoyment of his tenancy, wrongful eviction, and severe emotional distress and injury, humiliation, mental anguish; and other special and general damages according to proof. Accordingly, Plaintiff is entitled to compensatory damages.

37.     In doing the acts of which Plaintiff complained, Defendants and their agents and employees intentionally or recklessly violated Plaintiffs' civil rights. Accordingly, Plaintiff is entitled to punitive damages.

38.     Unless enjoined, and restrained by an order of the Court,
Defendants will continue to engage in the unlawful acts and the pattern
or practice of discrimination described above.

39.     Plaintiff realleges the allegations contained in paragraphs
1 through 38 above, of the complaint herein.

40.     Defendants owed Plaintiff a duty to operate the subject
property in a manner that was free from unlawful discrimination, and
to hire, train, supervise, and discipline their employees and themselves
to fulfill that duty. Defendants negligently violated that duty by
discriminating against Plaintiff because of his disability, by allowing a
hostile living environment, tenant on tenant harassment and landlord
upon tenant harassment, to persist. Defendants' violation of that duty
was the result of negligence, including, but not limited to:

        a.    Defendants' negligent failure to hire persons who
             were familiar with the requirements of federal fair
             housing laws;

        b.    Defendants' negligent failure to train their employees
             and themselves regarding the requirements of federal
             fair housing laws;

c.   Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of federal fair housing laws.

d.   As a legal result of Defendants' negligent conduct, Plaintiff has suffered loss of an important housing opportunity, violation of his civil rights, deprivation of the full use and enjoyment of his tenancy, invasion of the private right of occupancy, wrongful eviction, severe humiliation, physical and emotional distress.

41.   There are victims of Defendants' discriminatory conduct. Such persons are aggrieved persons, as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result Defendants' conduct.

42.   Defendants' conduct was intentional, willful, or taken in reckless disregards of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter an Order that:

a.   Declares that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq*.;

b.    Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    i.    Discriminating on the basis of a disability, in any aspect of the rental of a dwelling;

    ii.    Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

    iii.    Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv.    Failing or refusing to take such affirmative steps as as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of Defendants' unlawful practices;

c.      Awards such preventive relief, including a permanent or
        temporary injunction, restraining order, or other order
        against Defendants for violation of rights granted or
        protected by Section 804 And 805 of the Fair Housing Act,
        in violation of 42 U.S.C. § 3617;

d.      Awards monetary damages to a person aggrieved by
        Defendants' discriminatory conduct, pursuant to Section 804
        And Section 805 of the Fair Housing Act, in violation of 42
        U.S.C. § 3617.

e.      Awards Compensatory and Punitive Damages to a person
        aggrieved by Defendants' discriminatory conduct, pursuant
        to Section 804 And 805 of the Fair Housing Act, in violation
        of 42 U.S.C. § 3617.

f.      Assesses civil penalties against Defendants and grants such
        other and further relief as the Court deems just and proper.

///

///

///

///

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable

pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: September 19, 2023                  Respectfully submitted

                                          CESAR PARDO-PENA
                                          In Propia Persona

///

///

///

///

///

///

///

///

///

///

///

///