Lance D. Orloff (SBN 116070)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone (949) 660-1600
Facsimile (949) 660-6060
6080.423
ldo@ggb-law.com
Attorneys for Defendants, Kaas Properties LLC, Roland K. Tellis, Pinnacle Property ManAGEMENT, and CANDICE AVILA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CESAR PARDO-PENA,

Plaintiff,

v.

KAAS PROPERTIES LLC, ROLAND K. TELLIS, PINNACLE PROPERTY MANAGEMENT and CANDICE AVILA,

Defendants.

Case No.: 2:23-cv-06197-SPG (MRWx)

**NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[*Concurrently filed: [Proposed] Order*]

Date: November 29, 2023
Courtroom: 5C
Time: 1:30 p.m.

Complaint Filed:
Trial Date: None Scheduled

TO PLAINTIFF, CESAR PARDO-PENA PRO SE:

PLEASE TAKE NOTICE that on November 29, 2023, at 1:30 p.m., in Courtroom 5C of the above-entitled Court, located at 350 First Street, Los Angeles, California 90012, Defendants KAAS PROPERTIES LLC, ROLAND K. TELLIS, PINNACLE PROPERTY MANAGEMENT, and CANDICE AVILA will move to dismiss Plaintiff's First Amended Complaint ("Complaint") on the ground that the Complaint fails to state facts upon which relief can be granted. Fed.R.Civ.Proc. 12(b)(6).

As this case is listed as exempt in L.R. 16–12(c), no conference of counsel pursuant to L.R. 7–3 took place before filing this motion. This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the pleadings on file in this action, and such evidence and arguments as may be presented to the Court at the hearing on this matter.

DATED: October 22, 2023

GRANT, GENOVESE & BARATTA, LLP

By: ______________________________
LANCE D. ORLOFF
Attorneys for Defendants KAAS PROPERTIES LLC, ROLAND K. TELLIS, PINNACLE PROPERTY MANAGEMENT, and CANDICE AVILA

## Table of Contents

I. INTRODUCTION ........................................................ 1

A. Argument Summary ........................................................ 2

B. Factual Statement ........................................................ 3

II. A BUILDING OWNER'S PROPERTY OR MANAGER'S FAILURE TO STOP OR INTERCEDE IN ALLEGED TENANT-ON-TENANT HARASSMENT IS NOT DISCRIMINATION UNDER THE FAIR HOUSING ACT ........................................ 3

III. CONCLUSION ........................................................ 5

# Table of Authorities

## Cases

*Ashcroft v. Iqbal*,
556 U.S. 622, 678 (2009) .......... 3

*Bell Atlantic Corp v, Twombly*,
550 U.S. 544, 570 (2007) .......... 3

*Cain v. Rambert*,
2014 WL 2440596 (E.D.N.Y. 2014) .......... 4

*Glover v. Jones*,
522 F.Supp.2d 496, 503 (W.D.N.Y. 2007) .......... 3

*Hughes v. Rowe*,
449 U.S. 5 (1980) .......... 1

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2nd Cir. 2011) .......... 3

## Statutes

28 U.S.C. § 1915(e)(2)(B) .......... 1

42 U.S.C. § 3601 .......... 1

42 U.S.C. § 3602(h) .......... 1

42 U.S.C. § 3604 .......... 1–5

# I. Introduction

## A. Argument Summary

Plaintiff rents one of six units within an apartment building located at 13554 Rye St., Sherman Oaks, California. Kaas Properties LLC allegedly owns the apartment building and Defendant Roland K. Tellis is Kaas's alleged owner or principal. Defendant Pinnacle Property Management is the alleged duly authorized property manager, which "performed management duties at the subject property[.]" FAC ⁋ 12. Defendant Candice Avila is allegedly Pinnacle Properties' employee overseeing Pinnacle Properties' property-management duties at Plaintiff's apartment building.

Plaintiff is allegedly disabled, as determined "by a United States Federal Agency…within the meaning of…42 U.S.C. § 3602(h)." FAC, ⁋ 4. Plaintiff alleges that Defendants discriminated against him on the basis of his disability by failing to intercede and stop other tenants in the building from harassing this Plaintiff. Plaintiff asserts that the Defendants are liable for discrimination under the Fair Housing Act. 42 U.S.C. § 3601 *et seq*.

Plaintiff's alleged facts do not state a claim under the Fair Housing Act. The Fair Housing Act prohibits discrimination "against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or natural origin." 42 U.S.C. § 3604(b). But the harassment that Plaintiff alleges in his complaint is not based on any of § 3604(b)'s categories. Instead, Plaintiff's alleged discrimination is based on the apartment building's owner and Property Manager inability to stop or intercede in other tenant's alleged harassment of Plaintiff.

Defendants admit that this Court should be mindful that this Plaintiff *Pro Se*'s pleading is held "to less stringent standards than formal proceedings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nevertheless, the Court should dismiss Plaintiff's FAC if the Court determines the actions "fail to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915e(2)(B)

**B. Factual Statement**

According to Plaintiff, "Since the very first day of moving in, Plaintiff…has been subjected to a hostile living environment and tenant on tenant harassment by several former and present tenants.[⁋] Such conduct has included…severe, pervasive, hostile living environment and tenant upon tenant harassment." FAC, ⁋⁋ 15–16. The alleged tenant-on-tenant harassment includes "[s]ubjecting Plaintiff to non-stop, dog barking by the current tenant of unit 2 and the current tenant of unit 4. FAC, ⁋ 16(a)&(b). The former tenant of unit 3 attempted to assault Plaintiff, upon which the state court granted Plaintiff "a temporary restraining order [during]…[h]is tenancy…from prior to December 2017 to the end of the first quarter of 2020." FAC, ⁋ 16(c). This same tenant also subjected "Plaintiff to drunk, loud talking, that would occur on an almost daily basis, and last till 5:30 a.m. FAC ⁋ (d).

Additionally, a female tenant in the apartment building between April 2018 and 2021 subjected "Plaintiff to intentional, screen door, nuisance noise harassment[.]" FAC ⁋ 16(e). Also, "an unidentified former tenant of unit 6 [subjected Plaintiff] to intermittent hammering over the span of several hours, dog-barking that spanned several hours, at times past 11:30 p.m., throwing items around his unit, over the span of 20 minutes, blasting music at 7:00 a.m., parked on the premises while mocking Plaintiff's coughing from the marijuana smoke." This "tenancy spanned…March 2021 to…February 2023." FAC, ⁋ 16(f).

Plaintiff alleges that "all Defendants, enabled, aided and abetted the" serial harassers by failing to stop or intercede in tenant-on-tenant harassment, which make Defendants liable for "discriminatory housing practices." FAC, ⁋ 27.

**II. A Building Owner's Property Manager's Failure To Stop Or Intercede In Alleged Tenant-Upon-Tenant Harassment Is Not Discrimination Under The Fair Housing Act**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v, Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). Generally, this Court's review of Plaintiff's complaint is limited to the four corners of the complaint. *L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2nd Cir. 2011).

The Fair Housing Act makes it unlawful to "discriminate in the sale or rental, or to otherwise make available or deny, a dwelling to any buyer or renter because of…sex, or because of "a handicap of that buyer or renter." 42 U.S.C § 3604(a) (f)(1). The Act also prohibits "discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of…sex," or because of "a handicap of that person." *Id.* § 3604 (b)(f)(2).

In this case, no Defendant, or Defendant's agent or employee, allegedly harassed Plaintiff by subjecting him to loud dog-barking, harassment, loud music, and other harassive misconduct. Instead, the alleged harassive misconduct was all perpetrated by present and former tenants of the apartment building, over which the Defendants have no control. Thus, Plaintiff's complaint does not state a discrimination claim under the Fair Housing Act. See *Glover v. Jones,* 522 F.Supp.2d 496, 503 (W.D.N.Y. 2007).

Over the course of one weekend, in which Defendants' counsel had to draft a responsive pleadng with the Plaintiff refusing to stipulate to a 30-day extension, Defendants have found no Ninth Circuit case law involving housing discrimination based upon an apartment-building's owner or property manager failing to stop or intercede in tenant-on-tenant harassment. But in New York, a district court dismissed a

complaint based on tenant-upon-tenant harassment under the Fair Housing Act. *Cain v. Rambert*, 2014 WL 2440596 (E.D.N.Y. 2014).

In *Rambert*, the landlord of the building in which plaintiff lived disclosed the plaintiff's disability to another tenant named Ruth. Because plaintiff did not respond to sexual advances and propositions from Ruth and another tenant, the two tenants spread "lies regarding plaintiff's sexuality and mental capacity" and also harassed her by yelling during the night and banging on walls. *Id.* at *1. The plaintiff sued the owners and landlord of the building in which he rented a unit. In considering a motion to dismiss for failure to state a claim under the Fair Housing Act, the District Court observed, "Plaintiff's amended complaint does not allege sufficient facts to plausibly state that any of the Defendants may be liable for violations of the FHA. Courts in this Circuit have construed § 3604(b) of the FHA to prohibit the creation of a 'hostile environment' by individuals who have control or authority over the terms, conditions, or privileges of sale or rental of a dwelling, similar to the prohibition imposed by title VII against the creation of a hostile work environment." *Id.* at *4. But the district court found no authority that a building owner's or Property Manager's failure to stop or intercede in tenant-upon-tenant harassment failed to state a claim that the building owner or Property Manager could be liable for violation of the Fair Housing Act:

> Plaintiff's Amended Complaint fails to state a claim that the actions of [the tenants] Plaintiff's neighbors, tenants of the building…. Plaintiff does not allege that these Defendants have any control or authority over the "terms, conditions, or privileges of…rental of [Plaintiff's] dwelling, or in the provision of services or facilities in connection therewith," as contemplated by the FHA.
>
> In the cases recognizing a cause of action for the creation of a hostile housing environment under the FHA, the Defendants were individuals or entities who owned or managed housing and who were alleged to be the source of the harassing or hostile actions, or to have an agent who was said source…. In contrast, here, [the tenants] are Plaintiff's neighbors, who reside in the same building, but have no authority of the management of the building…therefore, Plaintiff does not state a claim pursuant to § 3604(3)

of the Fair Housing Act for sexual harassment against these Defendants." *Id.* at *5.

In Plaintiff's FAC, the harassive conduct that Plaintiff alleges was perpetrated upon him by his neighbors, who resided in the same building, but had no authority or control over the management of the building. Thus, Plaintiff's complaint does not state a claim for discrimination under the Fair Housing Act.

## III. Conclusion

Plaintiff's complaint for unlawful housing discrimination is based upon harassive conduct by his neighbors in an apartment building owned and managed by these Defendants. There is no allegation that these Defendants control or employ the Plaintiffs neighboring perpetrators. The Plaintiff's complaint expressly alleges that these harassive perpetrators were his neighboring tenants, not any of these Defendants. Thus, no amendment to this FAC is possible that would state a housing discrimination claim under the Fair Housing Act. 42 U.S.C § 3604(b). Thus, this Court should dismiss this claim with prejudice.

Respectfully submitted,

DATED: October 22, 2023

GRANT, GENOVESE & BARATTA, LLP

By:______________________________
LANCE D. ORLOFF
Attorneys for Defendants Kaas Properties LLC, Roland K. Tellis, Pinnacle Property Management, and Candice Avila